In the Matter of the Judicial Settlement of the Account of Proceedings of Beatrice R. Pascual and Another, as Executors, etc., of Mary Defendorf, Deceased, and the Petition of John J. Murray to Open and Set Aside Said Decree Judicially Settling the Executors' Accounting in the Estate of Mary Defendorf, Deceased. Paul F. Reilly, Coexecutor; Beatrice R. Pascual, Coexecutrix of Mary Defendorf, Deceased, and Another, Appellants; John J. Murray, Respondent.— Decree of the Surrogate's Court of Rockland county, dated April 4, 1934, and the intermediate order of October 31, 1932, reversed on the law and the facts, without costs, and the respondent's petition to open the proceeding on the intermediate accounting of the executors denied, without costs. In our opinion, there was an abuse of discretion on the part of the learned surrogate in vacating the decree of July 15, 1931, which settled the intermediate account of said executors and trustees, to which proceeding respondent was a party, and in which he appeared by an attorney. (Surr. Ct. Act, § 20, subd. 6.) The provisions of the decree of April 4, 1934, as to the amount of the net income from the residuary estate are without any sound basis in the record. The amount of the residuary estate cannot be determined until the sale of the real estate and the payment of general legacies, debts and expenses of administration. The surrogate was not authorized to allow the respondent's claim against the estate for alleged services, which was not presented to the executors until six months after their account had been filed, and which was rejected; respondent's remedy, then, was by commencing an action within three months, or by reserving his claim for adjudication on the settlement of a subsequent accounting by the executors. This is, however, made unnecessary by the stipulation of the parties. The allowances to respondent's counsel, for services rendered on his motion to open the original proceeding and to vacate the decree of July 15, 1931, and in the proceedings subsequent thereto, eventuating in the decree here under review, to be paid out of the estate, were improperly made. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.